# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6340 | **DATE** | 5/23/2002 |
| **CASE TITLE** | Mollison-Turner vs. Lynch Auto Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Amended Memorandum Opinion and Order. For the reasons set forth on the attached order, plaintiff's motion to vacate the arbitration award (9-1) is granted. Plaintiff's motion to reinstate the case (9-2) and defendant's motion to confirm the arbitration award (13-2) are denied. Judgment is entered remanding the case for further arbitration proceedings.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 29 2002 | |
| ✓ | Docketing to mail notices. | date docketed | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TIRRA MOLLISON-TURNER,      )
         )
         Plaintiff,      )
         )
v.          )      No. 01 C 6340
         )
LYNCH AUTO GROUP,      )
         )
         Defendant.      )

DOCKETED
MAY 2 9 2002

## AMENDED
## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

        Plaintiff Tirra Mollison-Turner sued Lynch Ford, Inc. (incorrectly named as Lynch Auto Group) alleging violations of the Truth in Lending Act ("TILA") and state law stemming from Mollison-Turner's purchase of a vehicle from Lynch. Thereafter, Lynch filed a motion to compel arbitration based on an arbitration clause in the parties' vehicle purchase agreement. We granted Lynch's motion to compel and stayed the case pending arbitration. *See Order*, November 21, 2001. The arbitration was conducted through the American Arbitration Association ("AAA"), and the case is now before the Court on Mollison-Turner's motion to vacate the arbitration award and to reinstate the case, and on Lynch's motion to confirm the arbitration award.[1]

---

        [1]With its motion to confirm the arbitration award, Lynch filed a motion for sanctions under Fed. R. Civ. P. 11, which the Court denied on March 28, 2002 because Lynch had failed to follow the procedures set forth in Rule 11.

## Factual Background

In March 2001, Mollison-Turner purchased a used 2000 Mitsubishi Gallant from Lynch. Lynch's sales agents allegedly informed Mollison-Turner at the time of sale that the Gallant was a leased vehicle that was recently traded in. In fact, Mollison-Turner alleges, the vehicle was previously a rental car and also was a stolen vehicle that was still being sought after by the police. This came to light, Mollison-Turner alleges, when her husband was arrested while driving the car and was forced to spend the night in jail.

In connection with the car purchase transaction, Mollison-Turner and Lynch executed a Vehicle Purchase Order which contained an "Arbitration Agreement." This Arbitration Agreement stated, in part:

> Any claim or dispute, whether in contract, tort or otherwise, between [Mollison-Turner] and [Lynch] ... which arise[s] out of or relate[s] to this Vehicle Purchase Order or any resulting transaction or relationship may, at [Mollison-Turner's] or [Lynch's] election, be resolved by a neutral, binding arbitration and not by court action. ... The arbitration shall be governed by the commercial arbitration rules of the American Arbitration Association. ... The costs and expenses of arbitration, including the fees of the arbitration, shall be borne by [Lynch]. The final award of the arbitrators shall be in writing. Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction hereof.

*See* Vehicle Purchase Order, Exhibit A to Defendant's Response to Plaintiff's Motion to Vacate.

On July 31, 2001, Mollison-Turner filed a suit in Illinois state court against Lynch, alleging violations of TILA, the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), and common law fraud. Lynch removed the case to this court. On October 11, 2001, Lynch served a demand for arbitration of the dispute. On October 17, 2001, Lynch filed a motion to compel arbitration and to stay proceedings pending arbitration. We granted Lynch's motion to compel arbitration on November 21, 2001 and stayed the proceedings

here.

The parties proceeded to arbitration.  Before the arbitration commenced, the AAA sent the parties' counsel a letter indicating that the dispute would be "determined by written submissions from the parties" and outlining the general procedures for arbitration with the AAA.  *See* Exhibit F to Defendant's Response to Plaintiff's Motion to Vacate.  In response, counsel for Mollison-Turner wrote to the AAA, acknowledging that the matter would be determined upon written submissions.  Because we had not yet ruled on Lynch's motion to compel at that time, Mollison-Turner sought to extend the time for filing such submissions until after the ruling.  The AAA granted this request.

Once we granted Lynch's motion to compel arbitration, the parties submitted their briefs and exhibits to the assigned AAA arbitrator, Hadley Batchelder.  On February 11, 2002, Mr. Batchelder issued his decision.  The Award of Arbitrator document sent to the parties stated, in part, that:

> All the claims and counter-claims in this case are denied.
> ***
> The reason for denial of the claim of Lynch Ford is that it offered no proof (by way of accounting supported by declaration) that the sum claimed from Mollison-Turner was due.  Likewise, Mollison-Turner offered no proof (by declaration or affidavit under the penalty of perjury) that the alleged statements regarding the prior history of the vehicle were made by agents of Lynch.  In fact, the only proof offered were [sic] declarations of Lynch agents denying that the crucial representations were made.  To have found for Mollison-Turner absent a declaration, the arbitrator would need to find that Lynch was negligent in not knowing more about the title to the vehicle before selling it, and there was no claim presented based on negligence.

Exhibit L to Defendant's Response to Plaintiff's Motion to Vacate.

On February 26, 2002, Mollison-Turner filed the instant motion to vacate the

arbitration award. She seeks to reinstate her case against Lynch in this Court.

## Discussion

Mollison-Turner argues that the arbitration award should be vacated because: (1) the arbitration proceeding did not afford her a "full and fair" hearing on her claim; (2) the arbitrator committed gross factual errors; and (3) his award was in manifest disregard of the applicable law. We address each argument in turn.

First, Mollison-Turner argues that the AAA proceeding was unfair because it was handled solely via written submissions, and she was thus not afforded an opportunity to cross-examine Lynch's agents. Further, the arbitrator was unable to judge the credibility of the various witnesses. Mollison-Turner also argues that the arbitration process was unfair because she was not able to obtain discovery from Lynch. Though Mollison-Turner's assertions may have merit in the abstract, she waived these arguments by failing to raise them in a timely fashion with the AAA. Failure to present an issue before an arbitrator waives the issue in an enforcement proceeding. *National Wrecking Company v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993); *Dean v. Sullivan*, 118 F.3d 1170 (7th Cir. 1997) (plaintiff cannot fail to raise certain arguments at arbitration only to raise them in federal court). Mollison-Turner has provided no evidence that she objected to the format of the arbitration prior to the commencement of the proceedings. Indeed, prior to the AAA proceeding, her attorney wrote a letter to the AAA acknowledging that the case would be "determined upon written submission by the parties." A review of the applicable AAA rules indicates that Mollison-Turner could have secured both discovery and a live hearing prior to the commencement of the proceedings if she only requested it. *See, e.g.*, AAA Arbitration Rules for Resolution of Consumer-Related

-4-

Disputes, Rules 6, 8. But Mollison-Turner never petitioned the AAA to conduct a live hearing, and she never asked the arbitrator for the discovery that she now indicates she needed prior to the hearing. The only time Mollison-Turner complained about the written format was in a concluding paragraph to her reply submission to the arbitrator, and then it was only to urge the arbitrator to rule in her favor based on her perceived disadvantages in the proceeding. Accordingly, we find that Mollison-Turner waived these procedural arguments.

However, Mollison-Turner also challenges the arbitration award on a substantive level. She first argues that the award was based on a clearly erroneous factual assumption, *i.e.*, that she had failed to submit any affidavits in support of her case. She further argues that the arbitrator's award was in "manifest disregard" of the applicable law.

With respect to the first point, we recognize that courts should not vacate an arbitration award simply because the arbitrator made factual errors. *See, e.g., National Wrecking*, 990 F.2d at 961. However, this rule is appropriately applied to an arbitrator's conclusions based on disputed or ambiguous evidence, as opposed to clear mistakes based on historical fact. *National Post Office Mailhandlers, Watchmen, Messengers and Group Leaders Division v. U. S. Postal Service*, 751 F.2d 834 (6th Cir. 1985). Indeed, "where the 'fact' underlying an arbitrator's decision is concededly a non-fact and where the parties cannot fairly be charged with the misapprehension, the award cannot stand." *Electronics Corporation of America v. International Union of Electrical, Radio and Machine Workers,* 492 F.2d 1255 (1st Cir. 1974) (arbitration award vacated where arbitrator based decision on the fact that the plaintiff had not been suspended prior to discharge, but, in fact, the plaintiff had been suspended); *see also National Post Office*, 751 F.2d 834 (arbitrator's mistaken assumption that plaintiff pled guilty to a drug

charge before his discharge could have provided basis for vacating award).

In this case, the arbitrator's award makes clear that he was operating under a significant mistaken assumption not about the facts of the case, but about the evidence Mollison-Turner offered. Although Mollison-Turner submitted sworn affidavits from herself and her husband about the statements made by Lynch's agents, the arbitrator stated that Mollison-Turner provided no such evidence. Lynch attempts to gloss over the arbitrator's error by arguing that the arbitrator must have disbelieved Mollison-Turner in favor of Lynch. But the arbitrator's ruling clearly says otherwise. The award makes clear that arbitrator believed that "Mollison-Turner offered *no proof (by declaration or affidavit under the penalty of perjury)* that the alleged statements regarding the prior history of the vehicle were made by agents of Lynch. In fact, the only proof offered were [sic] declarations of Lynch agents denying the crucial representations were made" (emphasis added). *See* Exhibit L to Defendant's Response. In short, the arbitrator plainly overlooked, or did not realize, that Mollison-Turner had submitted exactly the type of evidence that the arbitrator found was absent. If awards are appropriately vacated based on mistaken assumptions about a plaintiff's personal history as in *Electronics Corporation*, it seems even more appropriate to vacate an award because the arbitrator plainly overlooked, and thus failed to consider, evidence. Because the arbitrator's decision in this case clearly was based on an erroneous "non-fact," we vacate the award and remand to the AAA so that a new decision can be issued after review of all the evidence.

Given our decision to vacate, we address only briefly Mollison-Turner's final contention that the award is in "manifest disregard" of the law. In general "[f]ederal courts will not vacate an arbitration award merely because the arbitrator misinterpreted applicable law."

*National Wrecking*, 990 F.2d at 960 (citing *National R.R. Passenger Corp. v. Chesapeake and Ohio Ry. Co.*, 551 F.2d 136, 143 (7th Cir. 1977)). However, "[w]hen arbitrators demonstrate a manifest disregard for the applicable law, courts will not enforce the award." *Id.* (citing *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1267 (7th Cir. 1992)). In order to show manifest disregard, "there must be something beyond and different from mere error in law or failure on the part of the arbitrator[] to understand or apply the law; it must be demonstrated that the [] arbitrator[] deliberately disregarded what [he] knew to be the law in order to reach the result [he] did." *Health Services*, 975 F.2d at 1267. Mollison-Turner targets the portion of the arbitration award that asserts "[t]o have found for Mollison-Turner absent a declaration, the arbitrator would need to find that Lynch was negligent in not knowing more about the title to the vehicle before selling it, and there was no claim presented based on negligence." Mollison-Turner argues that negligent misrepresentations are actionable under the Illinois CFDBPA, and that a separate negligence claim under the CFDBPA is not required. Plaintiff's Motion to Vacate at 11. She further asserts that given the arbitrator's background in consumer disputes, he *must* have known that his decision was contrary to law – *i.e.*, in "manifest disregard" of the law. As an initial matter, we note that, while Mr. Batchelder does have an extensive background in consumer fraud disputes, it appears that he practiced in California. We thus do not assume that he "must have" known all the facets of the Illinois statute. Further, we have found no evidence to indicate that Mr. Batchelder did anything more than fail to correctly apply the Illinois statute. Accordingly, we reject Mollison-Turner's request to vacate the award on this basis. It is, of course, open to the arbitrator to consider this issue more fully on remand.

We further reject Mollison-Turner's contention that, because the arbitrator failed

to mention her claim for attorneys' fees, the decision was in "manifest disregard" of the law. As the plaintiff concedes, she was not the prevailing party in the arbitration. Thus, there was no reason for the arbitrator to discuss her claim for attorneys' fees.

Finally, Mollison-Turner urges that we "reinstate" the case here in this Court. This we decline to do. When an arbitration award is vacated, the "appropriate remedy is to remand the case for further arbitration proceedings." *Major League Baseball Players Association v. Garvey*, 532 U.S. 504, 511 (2001); 9 U.S.C. § 10(a)(5). Nothing in the parties' arbitration agreement prohibits rehearing nor provides any time limit for concluding arbitration. Accordingly, we remand this case to the AAA for further proceedings.

## Conclusion

For the reasons stated above, plaintiff's motion to vacate the arbitration award [docket item 9-1] is granted. Plaintiff's motion to reinstate the case [docket item 9-2] and defendant's motion to confirm the arbitration award [docket item 13-2] are denied. The clerk is directed to enter judgment remanding the case for further arbitration proceedings.

Dated: May 23, 2002

MATTHEW F. KENNELLY
United States District Judge